Case 4:25-cv-01450   Document 5   Filed on 04/29/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAUDELAIRE TCHOUALA, <br> (BOP #02978-506) | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-25-1450 |
| WARDEN G. SWANEY, | § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Baudelaire Tchouala, (BOP #02978-506), is a federal inmate in the custody of the United States Bureau of Prisons at the F.C.I. Allenwood Low facility in Allenwood, Pennsylvania. Representing himself, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging an immigration detainer placed against him by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE). (Docket Entry No. 1). The court dismisses his petition, for the reasons explained below.

**I.    Background**

Tchouala pleaded guilty in the Southern District of Texas to one count of conspiracy to launder monetary instruments. *See United States v. Tchouala*, No. 4:22-cr-00169 (S.D. Tex. June 27, 2024). He was sentenced to 18 months of incarceration, followed by three years of supervised release. *Id.* at Dkt. 82. Tchouala appealed his conviction and sentence, and that appeal is pending. *See United States v. Tchouala*, Appeal No. 24-20384 (5th Cir.).

On March 24, 2025, Tchouala filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Texas. (Docket Entry No. 1). In this petition, Tchouala does not challenge his criminal conviction and sentence. Instead, he challenges the immigration

detainer lodged against him by ICE. (*Id.* at 2, 7). He contends that because his conviction is not yet final, the detainer is premature. (*Id.* at 6). In a letter accompanying his petition, he states that the detainer is impacting his ability to earn First Step Act credits and is interfering with his eligibility for placement in certain prison programs. (*Id.* at 9). He asks the court to order ICE to lift the detainer against him. (*Id.* at 7).

## II.   Discussion

Under 28 U.S.C. § 2241(c)(3), a prisoner may file a federal habeas petition to contend that he or she is being held "in custody in violation of the Constitution or laws . . . of the United States." But to entertain a § 2241 habeas petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed. *See Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001). To satisfy this requirement, a prisoner challenging the administration of his sentence or his continued detention must file his § 2241 petition in the federal district in which he is physically present. *See United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). Because Tchouala is not incarcerated in the Southern District of Texas, this court has no jurisdiction over his § 2241 petition. *See Lee*, 244 F.3d at 373 ("[T]he district of incarceration is the only district that has jurisdiction to entertain [a petitioner's] § 2241 petition.").

When a petition is filed in the incorrect district, the court may, in the interest of justice, transfer the petition to another appropriate district for hearing and determination. *See* 28 U.S.C. § 2241(d). In this case, the interests of justice do not favor transferring Tchouala's petition. The court to which the petition would be transferred would lack jurisdiction to grant the relief Tchouala seeks.

To be entitled to seek habeas relief from an ICE detainer, Tchouala must demonstrate that he is "in custody" pursuant to that detainer. *See* 28 U.S.C. § 2241. "Filing a detainer is an informal

procedure in which [ICE] informs prison officials that a person is subject to deportation and requests that officials give [ICE] notice of the person's death, impending release, or transfer to another institution." *Giddings v. Chandler,* 979 F.2d 1104, 1105 n.3 (5th Cir. 1992). A prisoner serving a criminal sentence is not in ICE custody simply because a detainer has been lodged against him. *See Zolicoffer v. United States Dep't of Just.,* 315 F.3d 538, 541 (5th Cir. 2003); *see also Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995) (a detainer letter alone does not place a prisoner in ICE custody for habeas purposes); *Galviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) (a detainer, without more, is insufficient to put a prisoner in ICE custody). Courts in the Third Circuit, into which this court would transfer Tchouala's petition, have also held that a detainer, standing alone, does not place a prisoner in ICE custody for purposes of § 2241. *See, e.g., Mundo-Violante v. Warden Loretto FCI*, 654 F. App'x 49, 51 (3d Cir. 2016) (per curiam); *Cohen v. Lappin,* 402 F. App'x 674, 676 (3d Cir. 2010) (per curiam); *Henry v. Chertoff,* 317 F. App'x 178, 179 (3d Cir. 2009) (per curiam); *Green v. Apker*, 153 F. App'x 77, 79 (3d Cir. 2005) (per curiam); *Lawrence v. United States Immigration Enf't & Customs*, No. 1:21-cv-0229, 2021 WL 1253523, at *2 (M.D. Pa. Apr. 5, 2021).

Because Tchouala is not "in custody" under the ICE detainer, no district court—whether this court or the proposed transferee court, the District Court for the Middle District of Pennsylvania—has jurisdiction to consider his § 2241 petition challenging that detainer. This court will not transfer Tchouala's petition because such a transfer would be futile.

### III. Conclusion

Tchouala's petition, (Docket Entry No. 1), is dismissed without prejudice as filed in the incorrect district. Any pending motions are denied as moot. No certificate of appealability will be issued. *See Pack v. Yusuff*, 215 F.3d 448, 451 n.3 (5th Cir. 2000).

SIGNED on April 29, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge